IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANTHONY J. SCHALK,                )
                                  )
         Plaintiff,               )
                                  )        3:14-CV-01495-JO
    v.                            )
                                  )
CAROLYN W. COLVIN,                )        OPINION AND ORDER
Acting Commissioner of Social Security, )
                                  )
         Defendant.               )

JONES, J.

Plaintiff Anthony J. Schalk appealed the Commissioner's decision to deny his claim for disability insurance benefits under Title II of the Social Security Act. He now moves the court to remand his claim for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). [Doc. # 12] The motion is denied for the following reasons.

### BACKGROUND

Schalk claimed disability beginning June 30, 2007. Admin. R. 11. His insured status under the Social Security Act expired on June 30, 2011, and he must show that he was disabled on or before that date to prevail on his claim. 42 U.S.C. § 423(a)(1)(A). *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998). Accordingly, the relevant period for this appeal runs from June 2007 through June 2011.

-1-   OPINION & ORDER

As required by the regulations, the Commissioner gathered and evaluated all of the evidence Schalk identified to support his claim. The ALJ heard testimony from Schalk, his wife, a medical expert, and a vocational expert. Admin. R. 70-107. He then issued an adverse decision. Admin. R. 113-122. The Appeals Council remanded for further evaluation of Schalk's mental impairments. Admin. R. 149-151. In September 2012, the ALJ obtained a consultative psychodiagnostic assessment from Karen Bates-Smith, Ph.D., a clinical psychologist. Admin. R. 834-838. Dr. Bates-Smith also completed a worksheet on which she rated the severity of Schalk's limitations on several work-related functions. Admin. R. 842-43. The ALJ then held a second administrative hearing at which he took testimony from Schalk, his wife, and a vocational expert. Admin. R. 36-68.

Upon completion of this extensive process, the Commissioner issued a final decision in March 2013. After receiving the adverse decision, Schalk obtained an additional psychological evaluation from Leslie Carter, Ph.D., who issued a report dated February 16, 2015. Schalk now seeks a remand for the Commissioner to consider Dr. Carter's report.

## LEGAL STANDARD FOR A SENTENCE SIX REMAND

Sentence six of 42 U.S.C. § 405(g) provides that the court

> may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

Accordingly, for the court to remand a case under sentence six, the claimant must show that new evidence exists, that the new evidence is material, and that the claimant's failure to incorporate the evidence into the record during the administrative proceedings is excusable for good cause.

## DISCUSSION

### I. Good Cause Requirement

To demonstrate good cause for failing to present evidence during the Commissioner's administrative proceedings, a claimant must show that the evidence was not available until later. *Mayes v. Massanari,* 276 F. 3d 453, 463 (9th Cir. 2001). "[A] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Mayes,* 276 F.3d at 463. When a claimant fails to seek an evaluation report until after receiving an adverse decision, "the claimant must also establish good cause for not having sought the expert's opinion earlier." *Clem v. Sullivan,* 894 F. 2d 328, 332 (9th Cir. 1990).

Here, Schalk sought additional evidence to support his claim only after he was denied benefits. In fact, Dr. Carter said Schalk requested the evaluation specifically to support his appeal of the Commissioners's decision to deny his social security claim. [Doc # 12-2 at 1] Schalk does not show that Dr. Carter's opinion could not have been obtained earlier. He claims only that he did not realize he should seek an evaluation from Dr. Carter until he changed lawyers.

I find nothing prevented Schalk from seeking a separate psychological evaluation or second opinion during the administrative proceedings. He and his former counsel chose to rely on the evidence obtained by the Commissioner until the Commissioner found that evidence insufficient to sustain his claim. Schalk's failure to pursue a second opinion does not establish good cause, nor is it an error that can be attributed to the Commissioner. *See Mayes,* 276 F.3d at 463 (concluding the ALJ is not responsible for diagnosing a problem that a claimant decides not to pursue). Accordingly, Schalk has failed to meet the good cause requirement of sentence six.

-3-   OPINION & ORDER

## II. Materiality

Although unnecessary in the absence of a showing of good cause, alternatively I find that Schalk also failed to demonstrate materiality. A district court may remand a case for consideration of new evidence only if the new evidence is material. *Clem,* 894 F. 2d at 332. Evidence is material when there is a reasonable possibility it would have changed the outcome of the Commissioner's decision had it been before him. *Mayes,* 276 F. 3d at 462; *Booz v. Secretary of Health and Human Services,* 734 F. 2d 1378 (9th Cir. 1984).

In determining whether Dr. Carter's opinion would have changed the ALJ's view of the case, I look to the ALJ's evaluation of the evidence before him. Schalk concedes that the ALJ premised his adverse decision in large part on the absence of objective medical findings to support his subjective complaints. Pl.'s Br. 12; Admin. R. 17, 19, 23-24. Schalk argues that Dr. Carter's diagnosis of Somatoform Disorder could potentially explain why he has no objective findings to support his claim of extreme pain. Pl.'s Br. 12.

Dr. Carter's diagnosis and opinion regarding Schalk's limitations did not occur until four years after the expiration of Schalk's insured status. Dr. Carter's findings, therefore, cannot provide objective findings or clinical observations from the relevant period of time. Accordingly, Dr. Carter's report would not change a primary basis for the ALJ's decision. In addition, as Schalk points out, the ALJ gave diminished weight to the functional limitations in the opinions of Dr. Thomas and Dr. Bates-Smith because they examined Schalk after his insured status expired and had to rely on his subjective complaints about past limitations during the relevant period. Admin. R. 19, 21-22. Medical opinions premised on subjective statements are no more reliable than the subjective statements on which they rely. *Tonapetyan v. Halter,* 242 F. 3d 1144, 1149 (9th Cir. 2001); *see also*

*Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989) (the Court disregarded a doctor's opinion because it was based on the claimant's subjective statements, which the ALJ had already discounted).

The ALJ's reasoning would apply with greater force to diminish the weight of Dr. Carter's opinion. I find it unlikely that the ALJ would give greater weight to Dr. Carter's opinion, which was based on an evaluation that took place four years after the relevant time, than he gave to the opinion of Dr. Thomas, who evaluated Schalk at about the time his insured status expired, or the opinion of Dr. Bates-Smith, who evaluated him 15 months later. *See Marci v. Chater,* 93 F. 3d 540, 545 (9th Cir.1996) ("the opinion of a psychiatrist who examines the claimant after the expiration of his disability insured status, however, is entitled to less weight than the opinion of a psychiatrist who completed a contemporaneous exam").

Finally, Dr. Carter's opinion does not account for the other evidence in the record upon which the ALJ relied. For example, the ALJ found that "the claimant's daily activities show that he was not as limited as alleged through the date last insured." Admin R. 17. For these reasons, I find it is not reasonably likely Dr. Carter's opinion would have altered the outcome if it had been before the ALJ. Accordingly, Schalk has failed to meet the materiality requirement of sentence six.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g) [Doc # 12] is DENIED.

DATED this 30th day of June, 2015.

Robert E. Jones, Senior Judge
United States District Court

-5-   OPINION & ORDER